IN RE ADAMS.

[Cite as *In re Adams,* 115 Ohio St.3d 86, 2007-Ohio-4840.]

(No. 2006–1695—Submitted May 1, 2007—Decided October 3, 2007.)

MOYER, C.J.

{¶ 1} Appellant, Cuyahoga County Department of Children and Family Services, appeals from the judgment of dismissal of the Cuyahoga County Court of Appeals for lack of a final, appealable order. For the following reasons, we affirm.

{¶ 2} Appellees Michelle and Lee Adams Sr. are the parents of three children who were placed in temporary custody with appellant following the filing of a complaint alleging neglect and dependency. Over the course of two and a half years, the family appeared in court several times regarding the custody of the children. The trial court order from which an appeal was taken followed a hearing on the department's motion to change the custody of the Adams children from temporary custody to permanent custody. The trial court found that the department had failed to show by clear and convincing evidence that a grant of permanent custody to the department was in the best interest of the children pursuant to R.C. 2151.414(D). The trial court denied the motion and ordered the continuation of temporary custody with visitation by the parents.

{¶ 3} While appellant's appeal to the Eighth District Court of Appeals was pending, Lee Adams Sr. filed a motion to dismiss the appeal for lack of a final, appealable order. The court of appeals granted the motion and dismissed the appeal. Appellant filed a motion for reconsideration, which was denied.

{¶ 4} The question presented is whether a children-services agency may appeal a trial court's order denying the agency's motion to modify temporary custody to permanent custody and continuing temporary custody.

{¶ 5} "The United States Supreme Court has stated that the right to raise one's children is an 'essential' and 'basic civil right.' Parents have a 'fundamental liberty interest' in the care, custody, and management of the child. Further, it has been deemed 'cardinal' that the custody, care, and nurture of the child reside, first, in the parents.

{¶ 6} "Similarly, this court has long stated that parents who are suitable persons have a 'paramount' right to the custody of their minor children." (Citations omitted.) *In re Murray* (1990), 52 Ohio St.3d 155, 157, 556 N.E.2d 1169.

{¶ 7} Children and their parents have an interest in reunification following a temporary-custody order. We held in *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, ¶ 4, that "except for some narrowly defined statutory exceptions, the state must make reasonable efforts to reunify the family before terminating parental rights."

{¶ 8} Temporary custody is a status created by statute to provide interim care for Ohio children alleged to be, among other things, neglected (pursuant to R.C. 2151.03) or dependent (pursuant to R.C. 2151.04). R.C. 2151.353 lists the various orders of disposition available to a trial court following the adjudication of a child as neglected or dependent. It provides:

{¶ 9} "(A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:

{¶ 10} "* * *

{¶ 11} "(2) Commit the child to the temporary custody of a public children services agency * * *[.]

{¶ 12} "* * *

{¶ 13} "(F) Any temporary custody order issued pursuant to division (A) of this section shall terminate one year after the earlier of the date on which the complaint in the case was filed or the child was first placed into shelter care, except that, upon the filing of a motion pursuant to section 2151.415 of the Revised Code, the temporary custody order shall continue and not terminate until the court issues a dispositional order under that section."

{¶ 14} R.C. 2151.415 explains the procedure an agency must follow after a grant of temporary custody of a child to the agency. Subsection (A) requires an agency to file a motion requesting a dispositional order and lists six possible dispositional orders that may be issued by the court:

{¶ 15} "(A) Except for cases in which a motion for permanent custody described in division (D)(1) of section 2151.413 of the Revised Code is required to be made, a public children services agency or private child placing agency that has been given temporary custody of a child pursuant to section 2151.353 of the Revised Code, not later than thirty days prior to the earlier of the date for the termination of the custody order pursuant to division (F) of section 2151.353 of the Revised Code or the date set at the dispositional hearing for the hearing to be held pursuant to this section, shall file a motion with the court that issued the order of disposition requesting that any of the following orders of disposition of the child be issued by the court:

{¶ 16} "(1) An order that the child be returned home and [to] the custody of the child's parents, guardian, or custodian without any restrictions;

{¶ 17} "(2) An order for protective supervision;

{¶ 18} "(3) An order that the child be placed in the legal custody of a relative or other interested individual;

{¶ 19} "(4) An order permanently terminating the parental rights of the child's parents;

{¶ 20} "(5) An order that the child be placed in a planned permanent living arrangement;

{¶ 21} "(6) In accordance with division (D) of this section, an order for the extension of temporary custody."

{¶ 22} R.C. 2151.415(D) permits an agency to seek two extensions of a temporary-custody order, up to six months each. However, no more than two extensions of a temporary-custody order may be given. R.C. 2151.415(D)(4).

Prior to the end of the first extension of a temporary-custody order, the agency must file another motion seeking one of the dispositional orders outlined in R.C. 2151.415(A)(1) through (5) or request the court to extend the temporary-custody order for an additional six months. R.C. 2151.415(D)(1) and (2). Prior to the end of the second extension of the temporary-custody order, the agency must file a motion with the court requesting the court to make a dispositional order under R.C. 2151.415(A)(1) through (5). R.C. 2151.415(D)(3). "In sum, * * * a temporary custody order will terminate in a maximum of two years from the earlier of the date the complaint was first filed or the date which the child was first placed into shelter care." *In re Murray*, 52 Ohio St.3d at 158, 556 N.E.2d 1169.

{¶ 23} Statutory law also states that an agency "shall file a motion requesting permanent custody" when a child has been in temporary custody "for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999." R.C. 2151.413(D)(1). In the event that a motion for permanent custody is not required pursuant to R.C. 2151.413(D)(1), R.C. 2151.415 controls and requires an agency with temporary custody of a child to file a motion with the court requesting that an order of disposition regarding the child be issued by the court.

{¶ 24} We must decide whether an order denying an agency's motion to modify temporary custody to permanent custody and continuing temporary custody is a final, appealable order. Under Section 3(B)(2), Article IV, Ohio Constitution, "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments of final orders of the courts of record inferior to the court of appeals within the district * * *."

{¶ 25} R.C. 2501.02 defines the jurisdiction of the courts: "In addition to the original jurisdiction conferred by Section 3 of Article IV, Ohio Constitution, the court shall have jurisdiction upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district, including the finding, order, or judgment of a juvenile court that a child is delinquent, neglected, abused, or dependent, for prejudicial error committed by such lower court."

{¶ 26} Both grants of jurisdiction to the courts require that a trial court's order be a final order: "As a result, '[i]t is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction.' " *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 14, quoting *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266.

{¶ 27} For a court order to be a final, appealable order, the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), must be met. *Gehm*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 15. R.C. 2505.02 statutorily defines a

"final order," and in this case, subsections (A) and (B) are relevant. Those subsections provide:

{¶ 28} "(A) As used in this section:

{¶ 29} "(1) 'Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.

{¶ 30} "(2) 'Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.

{¶ 31} " * * *

{¶ 32} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 33} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶ 34} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."

{¶ 35} A trial court's order denying an agency's motion to modify temporary custody to permanent custody and continuing temporary custody does not qualify as a final, appealable order under either R.C. 2505.02(B)(1) or (2). First, in order to be a final, appealable order under R.C. 2505.02(B)(1), the order must affect "a substantial right" and must "determine[ ] the action and prevent[ ] a judgment."

{¶ 36} The denial of an agency's motion to modify temporary custody to permanent custody does not "determine[ ] the action," because the continuation of the agency's temporary custody does not determine the outcome of the action for neglect and dependency. Instead, all parties remain subject to further court order during the temporary-custody phase. A juvenile court has several ultimate dispositional options pursuant to R.C. 2151.415(A), and ordering the continuation of temporary custody does not preclude the juvenile court from exercising any of these options.

{¶ 37} An order denying a motion to modify temporary custody to permanent custody also does not "prevent[ ] a judgment." In an action alleging neglect or dependency, a children-services agency may seek any of the ultimate dispositions with the presentation of appropriate proof. A denial of permanent custody and a continuation of temporary custody do not prevent a children-services agency from seeking any applicable dispositional order, or even renewing a request for permanent custody. A final judgment in a juvenile custody case will be rendered, and a trial court's ruling to deny permanent custody and to continue an agency's temporary custody do not foreclose the rendering of such a judgment.

{¶ 38} This case is factually distinguishable from *In re Murray*, 52 Ohio St.3d 155, 556 N.E.2d 1169, as the parties appealing the trial court's grant of temporary custody in *Murray* were the parents. Also, the parents were appealing the initial order granting temporary custody to a children-services agency, as opposed to an order modifying temporary custody to permanent custody. In *Murray*, we held that the finding of neglect or dependency followed by a dispositional order awarding temporary custody to a children-services agency is an order that determines the action, and therefore the child's parents are permitted to appeal such an order. Id. at 159, 556 N.E.2d 1169. Our reasoning was based in part on R.C. 2151.414(A), which provides that "[t]he adjudication that the child is an abused, neglected, or dependent child and any dispositional order that has been issued in the case under section 2151.353 of the Revised Code pursuant to the adjudication shall not be readjudicated at the hearing and shall not be affected by a denial of the motion for permanent custody."

{¶ 39} Although the statute does provide time limits on a temporary-custody order, there is no assurance that an original adjudication of neglect or dependency would ever be reviewable if a parent is denied the ability to immediately appeal such a finding. *In re Murray*, 52 Ohio St.3d at 158, 556 N.E.2d 1169. "There is no requirement that the agency having custody of the child be required to seek permanent custody. If the agency fails to seek permanent custody and the temporary order remains in effect, the parent is without remedy to attempt to demonstrate errors in the initial juvenile proceedings which resulted in the loss of custody." Id.

{¶ 40} The denial of an agency's motion to modify temporary custody to permanent custody does not determine the action or prevent a judgment in the same way that a finding of neglect or dependency by a trial court followed by an award of temporary custody to an agency determines the action. In the former situation, the status quo of temporary custody by the agency is maintained, and the agency can request a different dispositional order or renew its request for permanent custody. Once the neglect and dependency action is determined, the agency or the parents can appeal the decision.

{¶ 41} However, in the latter situation, a parent may not have an opportunity to appeal the trial court's initial finding of neglect or dependency until, if ever, an award of permanent custody is made to the agency. "In that event, it is likely that the situation of the child would be markedly different from that time when temporary custody was initially awarded to the agency." *In re Murray*, 52 Ohio St.3d at 158, 556 N.E.2d 1169.

{¶ 42} Equally important to our determination of whether an order is a final, appealable order under R.C. 2505.02(B)(1) and controlling in our discussion of a final, appealable order under R.C. 2505.02(B)(2) is the fact that a children-

services agency does not have a substantial right in the permanent custody of children based on the fact that the agency has temporary custody of the children. R.C. 2505.02(B)(2) requires a court order to affect "a substantial right" made in a "special proceeding" in order to be a final, appealable order.

{¶ 43} Actions in juvenile court that are brought pursuant to statute to temporarily or permanently terminate parental rights are special proceedings, as such actions were not known at common law. *In re Murray*, 52 Ohio St.3d at 161, 556 N.E.2d 1169 (Douglas, J., concurring in syllabus and judgment). While a juvenile custody hearing is a special proceeding, a juvenile court order must also affect a substantial right to be a final, appealable order under R.C. 2505.02(B)(2). R.C. 2505.02(A)(1) defines "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." Importantly, no constitutional provision, statute, rule of common law, or procedural rule entitles a children-services agency to any inherent right to raise a child to adulthood. In contrast, a parent has a substantial right in custody.

{¶ 44} Further, " '[a]n order which affects a substantial right has been per- ceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future.' " *Wenzel v. Enright* (1993), 68 Ohio St.3d 63, 67, 623 N.E.2d 69 (Sweeney, J., dissenting), quoting *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181. When a motion to modify temporary custody to permanent custody is denied and the temporary-custody order continued, an agency is not foreclosed from seeking permanent custody or a different disposi- tional order under R.C. 2151.415(A) at a later date. While the agency must wait longer for the final outcome of the neglect and dependency action, the continua- tion of temporary custody does not foreclose appropriate relief in the future. Therefore, no immediate appeal is required. However, if a parent is not permitted to appeal a trial court's finding of neglect or dependency and a grant of temporary custody to an agency, the parent is not assured an opportunity to have the decision reviewed. An agency with temporary custody is not required to seek permanent custody, *In re Murray*, 52 Ohio St.3d at 158, 556 N.E.2d 1169, unless it is statutorily required to do so, see R.C. 2151.413(D)(1).

{¶ 45} In conclusion, a trial court order denying the motion of a children- services agency to modify temporary custody to permanent custody and continu- ing temporary custody is not a final, appealable order under R.C. 2505.02(B)(1) or (2). In this case, the trial court continued the temporary-custody order because the court did not find that the agency had proved by clear and convincing evidence that a grant of permanent custody to the agency was proper for the Adams children. The agency is responsible for presenting to the court a motion

for a dispositional order; however, the court is not bound to accept an agency's plan for children in its custody.

{¶ 46} Given that the Adams children have been in the temporary custody of the agency for more than the statutorily permitted time of two years, appellant should file a motion with the trial court requesting the issuance of an order of disposition set forth in R.C. 2151.415(A)(1) through (5). When the trial court enters its final order, all parties whose substantial rights are affected by that order will be able to appeal.

Judgment affirmed.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

---

LUNDBERG STRATTON, J., concurring.

{¶ 47} I concur with the majority that the order appealed from is not a final, appealable order. However, I believe that the majority's suggestion to the appellant, Cuyahoga County Department of Children and Family Services ("agency"), that it file a motion for a final order of disposition under R.C. 2151.415(A) may be inadequate given the trial court's past failures to adhere to the statutory maximum two years of temporary custody.

{¶ 48} As the majority explained, R.C. 2151.415(A) lists six possible dispositional orders that a trial court may issue. Subsection (A)(4) provides for an order permanently terminating parental rights. The agency already moved for permanent custody under R.C. 2151.413. If the agency decides to move for an order under R.C. 2151.415(A)(4) and the court denies that motion and continues temporary custody, the agency still will not have a final disposition and will not be able to appeal. Consequently, what the majority suggests as the agency's next step may place the agency in the same position it now finds itself.

{¶ 49} Ohio laws provide that children may remain in the temporary custody of the government for up to two years. See In re Murray (1990), 52 Ohio St.3d 155, 158, 556 N.E.2d 1169. In this case, the appellant has asked the trial court on more than one occasion to end temporary custody and to place the children in the agency's permanent custody. Although a court is permitted to grant only two six-month extensions of temporary custody, the trial court has repeatedly continued temporary custody, allowing the children to remain in the system for more than two years. Given the history of the trial court's actions in this case, it is likely that the court may deny another motion filed under R.C. 2151.415(A) and again continue temporary custody of the children. If other dispositions under

94

R.C. 2151.415(A) are not appropriate, the agency may be forced to consider filing for extraordinary relief to compel the court to follow the law.

---

William D. Mason, Cuyahoga County Prosecuting Attorney, and Joseph C. Young, Assistant Prosecuting Attorney, for appellant.

Vorys, Sater, Seymour & Pease, L.L.P., John J. Kulewicz, and Melissa J. Mitchell, for appellee Michelle Adams.

Repper, Pagan & Cook, Ltd., and Christopher J. Pagan, for appellee Lee Adams Sr.

Keating, Muething & Klekamp, P.P.L., and Charles M. Miller, for appellees Adams children.

Jodi M. Wallace, guardian ad litem for appellees Adams children.

Harvey E. Tessler, guardian ad litem for appellee Lee Adams Sr.