Judgment reversed<br/>and cause remanded.

HOFFMAN, P.J., and WISE, J., concur.

**In re WEAVER.**

[Cite as *In re Weaver,* 179 Ohio App.3d 792, 2008-Ohio-6189.]

Court of Appeals of Ohio,
Third District, Shelby County.

Nos. 17–08–19 and 17–08–20.

Decided Dec. 1, 2008.

Jay M. Lopez, for appellant, Kathy Fleming.

Ralph Bauer, Shelby County Prosecuting Attorney, and Erik R. Blaine, Assistant Prosecuting Attorney, for appellee, Shelby County Department of Job and Family Services.

---

WILLAMOWSKI, Judge.

{¶ 1} Petitioner-appellant, Kathy Fleming ("Fleming"), brings these appeals from the judgment of the Court of Common Pleas of Shelby County, Juvenile Division. For the reason set forth below, the appeals are dismissed.

{¶ 2} In September 2000, Haleigh was born to Heather Juarez ("Heather") and Matthew Fahnestock ("Fahnestock"). In January 2004, Jazmynn was born to Heather and her husband, Matthew Juarez ("Juarez"). Both girls resided with Heather and Juarez. On December 29, 2004, the Shelby county Department of Job and Family Services, Children Services Division ("the agency") filed a complaint alleging that the children were dependent and neglected. Haleigh and Jazmynn were placed under the protective supervision of the agency. The situation in the household continued to deteriorate as drug abuse and domestic violence became more prevalent. On January 26, 2006, Haleigh and Jazmynn were voluntarily placed with their maternal grandfather due to Juarez's erratic and threatening behavior. The visits between Heather, Juarez, and the girls were to be supervised by Fleming, Jazmynn's paternal grandmother. On February 22, 2006, Haleigh and Jazmynn were placed with Fleming due to alleged domestic violence in the grandfather's home.

{¶ 3} On June 1, 2006, the agency filed a motion for emergency temporary custody. The agency had learned that Heather and Juarez had been permitted by Fleming to spend time alone with the girls. The agency was also concerned about Heather and Juarez's increased drug use, the increased domestic violence, and the fact that Juarez's drug supplier lived across the street from Fleming. Temporary custody was granted to the agency on June 22, 2006, and the girls were placed in a foster home. On August 22, 2006, the case plan was amended to allow Fahnestock to visit with Haleigh and to begin receiving services.

{¶ 4} On March 29, 2007, the agency filed a motion for permanent custody of both Haleigh and Jazmynn. Heather then filed a motion on May 2, 2007, requesting that custody be returned to her or be granted to Fleming. On June 15, 2007, the agency filed a second motion to terminate Fahnestock's rights, alleging that Haleigh had been in temporary custody for more than 12 of the prior 22 months. The Guardian Ad Litem ("GAL") filed her report on June 20, 2007, recommending that all parental rights be terminated and that the girls be placed for adoption. On June 26, 2007, Fleming filed a motion to intervene and requesting permanent custody. Fleming was granted the right to intervene on

July 5, 2007. The trial court granted the motion based upon the fact that Fleming had previously stood in loco parentis. On October 3, 2007, the agency dismissed all of its pending motions for permanent custody. The entry also required that all interested parties, except Jazmynn, submit to psychological evaluation. The psychological reports were filed on February 7, 2008. On February 8, 2008, the GAL filed a new report. The GAL recommended that due to the close bond between Haleigh and Jazmynn, the girls remain together regardless of what placement is ordered. The GAL also recommended that the agency renew its motion for permanent custody and place the girls for adoption.

{¶ 5} On February 22, 2008, the agency filed a new motion for permanent custody. On April 17, 2008, Fahnestock filed a motion seeking custody of both Haleigh and Jazmynn. The GAL filed her final report on that same day. The GAL recommended that the court grant Fahnestock's motion by granting him custody of both girls. Additionally, the GAL recommended that the girls remain under protective supervision with a review scheduled in six months. A hearing was held on all pending motions on April 24 and 25, 2008. During the hearing, the agency voluntarily dismissed its motion for permanent custody. On May 29, 2008, the magistrate filed her decision granting temporary custody of Haleigh and Jazmynn to Fahnestock. The agency was granted protective supervision, and the matter was set for further review in six months. On June 12, 2008, Fleming filed objections to the magistrate's decisions. The trial court overruled those objections and adopted the magistrate's decision on June 26, 2008. On July 1, 2008, Fleming filed a motion to reconsider, along with the affidavit of Kristin Siler. The affidavit stated that Fleming had attempted to obtain a transcript from the court, but had been told that one could not be provided because the person who did so would not have time. The affidavit further stated that Fleming was told she would have to have an outside court reporter prepare the transcript. Fleming then contacted an outside reporter to have the transcript prepared. Upon calling to verify the proper procedure for obtaining a transcript, Fleming was told that the outside transcript would be accepted only if a motion and order appointing the outside reporter was filed. Fleming then filed the motion and it was signed by the trial court on July 3, 2008. The trial court overruled the motion for reconsideration on July 18, 2008. The transcript was finally filed on July 31, 2008. Fleming appeals from this judgment and raises the following assignments of error.

### First Assignment of Error

The trial court erred in overruling [Fleming's] objections prior to the 30 day deadline to file a transcript pursuant to Juvenile Rule 40(D)(3)(a)(iii).

## Second Assignment of Error

The trial court erred in overruling [Fleming's] objections without addressing [Fleming's] specific grounds for objection.

{¶ 6} Before addressing the assignments of error, this court must first determine whether the judgment is a final and appealable order. "Temporary custody is a status created by statute to provide interim care for Ohio children alleged to be, among other things, neglected * * * or dependent * * *." *In re Adams,* 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, ¶ 8. In *Adams,* children's services had filed a motion for permanent custody. The motion was denied, and temporary custody was continued. Children's services appealed the judgment. The Supreme Court of Ohio held that the judgment was not final because temporary custody was continued.

The denial of an agency's motion to modify temporary custody to permanent custody does not "determine[ ] the action," because the continuation of the agency's temporary custody does not determine the outcome of the action for neglect and dependency. Instead, all parties remain subject to further court order during the temporary-custody phase. A juvenile court has several ultimate dispositional options pursuant to R.C. 2151.415(A), and ordering the continuation of temporary custody does not preclude the juvenile court from exercising any of these options.

An order denying a motion to modify temporary custody to permanent custody also does not "prevent[ ] a judgment." In an action alleging neglect or dependency, a [party] may seek any of the ultimate dispositions with the presentation of appropriate proof. A denial of permanent custody and a continuation of temporary custody do not prevent a [party] from seeking any applicable dispositional order, or even renewing a request for [custody]. A final judgment in a juvenile custody case will be rendered, and a trial court's ruling to deny permanent custody and to continue * * * temporary custody do not foreclose the rendering of such a judgment.

*Adams,* 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, at ¶ 36–37.

{¶ 7} Although *Adams* dealt with an agency's motion for permanent custody, the logic is the same as would be used here. Fleming filed a motion for legal custody of the children. Fahnestock also filed a motion for legal custody. The judgment entry from which this appeal is taken does not grant either motion. Instead, the judgment is to grant temporary custody to Fahnestock. At this point in time, Fleming's motion has not been denied. Even if it is deemed as overruled in effect, Fleming is still a party in this continuing matter. Fleming is free to renew her motion or to file a new motion seeking legal custody if she so chooses. Because no final ruling that would fully determine the issue of the

custody of the girls is before this court, there is no final, appealable order. The appeals are therefore dismissed.

Appeals dismissed.

SHAW, P.J., and PRESTON, J., concur.