OPINION *Page 2 
{¶ 1} These are two appeals consolidated for the purposes of oral argument and this opinion, taken from a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which dismissed the motion of appellant mother for change of custody, and ordered the three minor children returned to the custody of appellee father. One of the minor children, Danielle, also appeals the order.
 {¶ 2} The record indicates on April 17, 2006, the trial court found the parties' three children were dependent, and placed them in the temporary custody of appellee Stark County Department of Job and Family Services. On January 17, 2008, JFS filed a motion for a planned permanent living arrangement. In its January 22, 2008 judgment entry, the court made findings of fact and overruled the motion.
 {¶ 3} The trial court found mother had abandoned the children, but after a lengthy absence, she re-surfaced and became enthusiastically involved with visiting with the children. The motion for planned permanent living arrangements alleged father had participated in case plan services, but the services providers voiced concerns about his progress. The motion alleged the two older children did not wish to be adopted and mother needed time to re-establish her relationship with the children.
 {¶ 4} The trial court found father had completed all the elements of his case plan, and did not present any threat to the children. The court specifically found father had sufficiently addressed his anger management issues. The trial court overruled the motion for planned permanent living arrangements.
 {¶ 5} On January 24, 2008, mother filed her motion for change of custody. Among other allegations, mother alleged father had failed to complete his case plan. *Page 3 
 {¶ 6} On January 29, 2008, JFS filed a motion for dispositional orders, citing In re: Adams, 115 Ohio St. 3d 86, 2007-Ohio-4840, as authority for the proposition the court's overruling of the motion for PPLA was not a final order unless and until the court made a final disposition of the matter.
 {¶ 7} On February 28, 2008, the trial court overruled father's motion for immediate placement, but directed the parties to submit to mediation to come to a graduated plan for returning the children to father's custody. The court found if mediation does not occur, or if no agreed plan is obtained, then each interested party shall submit a proposed plan to effectuate the graduated transfer. The parties did not mediate, and the court accepted the father's proposed transition plan on March 6, 2008.
 {¶ 8} On April 1, 2008, a magistrate conducted a review hearing on the matter. The magistrate found there was "a depth to the concerns in this case". The magistrate stated: "Worker reported that father's current counselor, who has previously rendered an opinion, is not aware of significant historic incidents of father's anger manifestations."
 {¶ 9} The magistrate found the current status of temporary custody with JFS remained in place, and pending evidence as to mother's motion or JFS's disposition motion, two of the children should be placed in an extended visit with mother and the third child placed with father. The magistrate ordered full psychological evaluations for both parents. The magistrate entered her judgment on April 11, 2008.
 {¶ 10} On the same day the magistrate entered her findings, father moved to set aside and stay the order. On April 24, 2008, JFS moved to terminate its involvement with the family and change legal custody to mother. On May 5, 2008, father filed a motion to return the two children to him, and to terminate JFS's involvement in the case. *Page 4 
 {¶ 11} On May 7, 2008, the court terminated JFS's involvement in the matter, and ordered legal custody of the children returned to father. The court found mother's motion for change of custody should be dismissed, and deferred all custody issues between the parents to the Summit County Domestic Relations Court, which issued the initial custody determination.
 {¶ 12} R.C. 2151.42 governs modifications or terminations of dispositional orders. It provides:
 {¶ 13} "(A) At any hearing in which a court is asked to modify or terminate an order of disposition issued under Section 2151.353, 2151.4145, or 2151.417 of the Revised Code, the court, in determining whether to return the child to the child's parents, shall consider whether it is in the best interest of the child."
 {¶ 14} We have reviewed transcripts of the hearings on the parties' various motions. In none of the hearings did the court take evidence on the best interest of the children, and the court never made a finding in that regard. We find the trial court has completed only half of its task. Until the court conducts a hearing on the best interest of the children and makes a finding, the dispositional phase of this case is not concluded.
 {¶ 15} When jurisdiction appears unclear, a court of appeals should raise the issue sua sponte. In re: Estate of Geanangel,147 Ohio App.3d 131, 2002-Ohio-850.
 {¶ 16} Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed. *Page 5 
 {¶ 17} We find the judgment appealed from is not a final appealable order, and we lack jurisdiction over the appeals. The appeals are both dismissed.
 Gwin, J., Farmer, P.J., and Wise, J., concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal is dismissed for lack of jurisdiction. Costs to be split among father, mother, and JFS. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal is dismissed for lack of jurisdiction. Costs to be split among father, mother, and JFS. *Page 1