[Cite as *In re M.H.*, 2014-Ohio-1050.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: M.H. and L.S. | : | APPEAL NOS. C-130703<br>C-130704 |
| | : | TRIAL NO.  F06-1277z |
| | : | *O P I N I O N.* |

Civil Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is:  Appeals Dismissed

Date of Judgment Entry on Appeal:  March 21, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ernest Lee*, Assistant Prosecuting Attorney, for Appellant Hamilton County Department of Job and Family Services,

*Nathan Bell*, for Appellant Guardian Ad Litem,

*Elizabeth Mitts*, for Appellee Father.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}  Appellants Hamilton County Department of Job and Family Services ("HCJFS") and the guardian ad litem ("GAL") for L.S. appeal an order of the juvenile court with respect to two children, M.H. and L.S.   In the order, the juvenile court had rejected the decision of the magistrate, which had dismissed a complaint for dependency with respect to L.S., and had remanded the matter to the magistrate "for further disposition regarding [L.S.]."   The juvenile court had also rejected the magistrate's decision, which had adjudicated M.H. dependent, denied Leslie Scarborough's petition for legal custody of M.H., and had granted temporary custody of M.H. to HCJFS.  The juvenile court stated that it was "retaining jurisdiction to make appropriate dispositions regarding the placement of the child for her safety and award[ing] the petition of legal custody of [M.H. to Leslie Scarborough]."

{¶2}  On appeal, HCJFS argues that it should have been awarded permanent custody of both children.  In her separate appeal, the GAL objects only to the juvenile court's treatment of L.S.   Appellee, the father of L.S., argues that the juvenile court's order is not a final appealable order.

{¶3}  Prior to this court's exercise of jurisdiction over an appeal, an order of a lower court must be a final, appealable order, and meet the requirements under R.C. 2505.02(B), and if applicable, Civ.R. 54(B).   *In re Adams,* 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, ¶ 27.  Both HCJFS and the GAL argue that the trial court's order in this case is final because it meets the requirements under R.C. 2505.02(B)(2). R.C. 2505.02(B)(2) provides that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed when it is * * * [a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."

**{¶4}** The Ohio Supreme Court has held that custody hearings in juvenile court are special proceedings. *Adams* at ¶ 43; *In re C.B.,* 129 Ohio St.3d 231, 2011-Ohio-2899, 951 N.E.2d 398, ¶ 12. Thus, we must determine if the trial court's order with respect to L.S. and M.H. affects a substantial right. *See* R.C. 2505.02. A substantial right is a "right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.01(A)(1). "An order that affects a substantial right is generally one that 'if not immediately appealable, would foreclose appropriate relief in the future.' " *In re L.A., Q.T., J.T., A.T., T.T.,* 1st Dist. Hamilton Nos. C-130701 and C-130702, 2014-Ohio-894, ¶ 4, citing *Adams* at ¶ 44, quoting *Bell v. Mt. Sinai Med. Ctr.,* 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993).

**{¶5}** The Ohio Supreme Court has held that "[a] trial court's order denying the motion of a children-services agency to modify temporary custody to permanent custody and continuing temporary custody is not a final, appealable order under R.C. 2505.02(B)(1) or (2)." *Adams* at syllabus. The issue in *Adams* was whether a children-services agency could appeal the denial of its permanent-custody motion. *Id.* at ¶ 4. In analyzing the issue under R.C. 2505.02(B)(1) and (2), the Supreme Court reasoned that the denial of permanent custody and continuation of temporary custody did not affect the agency's "substantial rights" in the permanent custody of the children because the agency still had temporary custody of the children and was not foreclosed from seeking permanent custody or a different dispositional order under R.C. 2151.415(A) at a later date. *Id.* at ¶ 37 and 42-44.

**{¶6}** In *In re C.B.,* the Supreme Court held that a juvenile court's order that "denies a children-services agency's motion to modify temporary custody to permanent custody, terminates the placement of temporary custody with the agency,

and awards legal custody to a parent, * * * is [a] final and appealable [order] under R.C. 2505.02." *C.B.* at syllabus. The Supreme Court held that the juvenile court's order had determined the action and prevented any further judgment under R.C. 2505.02(B)(1) because the disposition of legal custody was permanent and had ended the existing proceeding under R.C. 2151.42. *Id.* at ¶ 12. In determining whether the order had affected a "substantial right" under R.C. 2505.02(B)(1) and (2), the Supreme Court focused upon the unique statutory role of a GAL in permanent-custody proceedings to ensure that the best interests of the child were considered before custody modifications were made. *Id.* at ¶ 14. The court concluded that the GAL could appeal an order terminating temporary custody with a children-services agency and awarding legal custody to a parent because the order had affected a "substantial right" of the GAL to ensure that the best interests of the child had been considered. *Id.*

{¶7}    Here, the trial court's order with respect to L.S. is similar to the order in *Adams*. The trial court rejected the magistrate's decision, which had dismissed HCJFS's complaint for dependency with respect to L.S., and had remanded the matter to the magistrate "for further disposition regarding [L.S.]." Thus, the order does not foreclose the possibility of permanent custody to HCJFS. Nor does the order terminate interim custody to HCJFS. Furthermore, no legal custody determinations have been made with respect to L.S. Because the order does not "affect a substantial right," we, therefore, have no jurisdiction to entertain an appeal of the trial court's order with respect to L.S.

{¶8}    We, likewise, conclude that the part of the trial court's order pertaining to M.H. does not qualify as a final appealable order. While the trial court purported to award legal custody of M.H. to Leslie Scarborough, the trial court also

stated that it was "retain[ing] jurisdiction to make appropriate dispositions regarding the placement of the child for her safety." The trial court's statement that it was "retaining jurisdiction to make appropriate dispositions regarding the placement" of M.H. is inconsistent with an award of legal custody to Ms. Scarborough. Effectively, the trial court has not adjudicated the matter, which is still open to other motions regarding the custody of M.H. Therefore, HCJFS retains temporary custody of M.H., and thus we determine the trial court's order to be distinguishable from the order in *In re C.B.*

{¶9} Because no substantial rights have been affected with respect to the trial court's order relating to L.S. and M.H, we lack jurisdiction to entertain the GAL's and HCJFS's appeals, and therefore, dismiss them.

Appeals dismissed.

**HENDON, P.J,** and **DeWINE, J.,** concur.

Please note:

The court has recorded its own entry this date.