[Cite as *In re C.A.B.*, 2022-Ohio-1795.]

STATE OF OHIO )  
                         )ss:  
COUNTY OF LORAIN )

| | |
|---|---|
| MARK M. | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT<br><br>C.A. No.     21CA011757 |
|     Appellee | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| GABRIELLE B. | COURT OF COMMON PLEAS<br>COUNTY OF LORAIN, OHIO |
|     Appellant | CASE No.     19JG57780 |

DECISION AND JOURNAL ENTRY

Dated: May 31, 2022

HENSAL, Judge.

{¶1} Gabrielle B. ("Mother") appeals from the judgment of Lorain County Court of Common Pleas, Juvenile Division. This Court dismisses the attempted appeal for lack of jurisdiction.

I.

{¶2} Mother and Mark M. ("Father") are the biological parents of a C.A.B., a minor. Mother and Father were never married. In April 2019, Father filed a petition to determine the allocation of parental rights and responsibilities in the Ashland County Court of Common Pleas, Juvenile Division. At the time, Mother and C.A.B. resided together in Lorain County.

{¶3} The case was later transferred to the Lorain County Court of Common Pleas, Juvenile Division, wherein Mother was recognized as C.A.B.'s legal custodian under Revised Code Section 3109.042(A). In October 2019, the parties agreed to an interim temporary order

regarding Father's visitation with C.A.B. Mother had alleged that Father sexually abused C.A.B., so Father's visitation with C.A.B. was ordered to be supervised.

{¶4} In December 2019, Father requested a standard order of visitation under the local rules. A magistrate then issued a temporary order, which awarded Father a graduated temporary visitation schedule. The graduated schedule set forth five phases of visitation, which started with supervised visits, progressed to unsupervised visits, and culminated in a standard order of visitation.

{¶5} In March 2020, Father voluntarily dismissed, in part, his petition to determine the allocation of parental rights and responsibilities. Specifically, he dismissed his request for the allocation of custody, and indicated that he was only seeking an order to determine parenting time and child support.

{¶6} In January 2021, Mother filed a "Motion to Temporarily Suspend [Father's] Visitation or to Limit to Supervised Only[,]" requesting that Father's visitation be suspended or, in the alternative, supervised by Mother while the police investigated the allegations of sexual abuse. Two days later, the trial court issued an order indicating that it considered Mother's motion to be an emergency ex parte motion, and that, pending the outcome of the police investigation, all of Father's visitation with C.A.B. was to be supervised by Mother. The trial court then set the matter for a hearing, which occurred over two nonconsecutive days.

{¶7} After the hearing, the trial court issued an order captioned: "Entry Full Hearing Emergency Temporary Custody Motion[.]" In it, the trial court characterized Mother's motion as a "Motion for Emergency Temporary Custody[.]" It then recited the facts relevant to the allegations of sexual abuse, the investigation of same, and the conclusion reached by law enforcement and others that the claims were unsubstantiated. The trial court then explained that,

"[s]ince the emergency custody order[,]" Father's visits with C.A.B. that were supervised by Mother had been difficult. It then cited Section 3127.18 regarding emergency custody orders and held that sufficient evidence was not presented to support the continuance of the "emergency custody order[.]" It, therefore, terminated the "Emergency Temporary Custody Order[.]" The trial court then stated that "[t]he temporary orders issued by the Magistrate in this case are in full force and effect[,]" and, sua sponte, ordered that a Guardian Ad Litem be appointed in this case.

{¶8} Mother has appealed the trial court's order, raising one assignment of error for this Court's review.

ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT USED THE WRONG STANDARD AND RENDERED A DECISION ON A QUESTION NOT BEFORE THE COURT AND IGNORED THE MOTION BEFORE THE COURT[.]

{¶9} In her assignment of error, Mother argues that the trial court abused its discretion when it applied the wrong standard of review to her "Motion to Temporarily Suspend [Father's] Visitation or to Limit to Supervised Only[,]" and by rendering a decision as to custody, which was not at issue. She argues that she filed her "Motion to Temporarily Suspend [Father's] Visitation or to Limit to Supervised Only" under Juvenile Rule 13, governing temporary orders, and Section 3109.12. She argues that the trial court was required to apply the best-interest factors set forth in Section 3109.051 in analyzing her motion, and that it erred by analyzing her motion as an emergency temporary custody issue. She argues that the trial court's order calls into question her previously undisputed status as C.A.B.'s legal custodian.

{¶10} This Court must first address its jurisdiction to consider Mother's appeal. Section 3(B)(2), Article IV of the Ohio Constitution limits this Court's appellate jurisdiction to the review

of final judgments of lower courts. Section 2505.02(B) defines a final order as including the following:

> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]

R.C. 2505.02(B).

{¶11} The Ohio Supreme Court has held that "[a]ctions in juvenile court that are brought pursuant to statute to temporarily or permanently terminate parental rights are special proceedings[.]" *In re Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840, ¶ 43. "A 'substantial right,' for purposes of R.C. 2505.02, is a legal right entitled to enforcement and protection by law, and one which, if not immediately appealable, would foreclose appropriate relief in the future." *In re T.G.*, 12th Dist. Butler No. CA2008-01-026, 2008-Ohio-4165, ¶ 13, quoting *In re T.M.*, 12th Dist. Madison Nos. 2006-01-001, 2006-01-004, 2006-Ohio-6548, ¶ 17. "Generally, whether an order is final and appealable is determined by the effect the order has on the pending action, rather than the name attached to the order or its general nature." *Id.* at ¶ 14.

{¶12} This Court's review of the trial court's order indicates that it erroneously referred to Mother's motion as a "Motion for Emergency Temporary Custody[,]" and then erroneously indicated that it was terminating an "Emergency Temporary Custody Order[.]" The substance of the trial court's order makes clear that it was referring to Mother's "Motion to Temporarily Suspend [Father's] Visitation or to Limit to Supervised Only" and the facts relevant to that motion; the trial court did not address the issue of custody.

{¶13} The substance of the trial court's order also makes clear that the trial court was terminating the temporary visitation order it issued, which required Father's visits with C.A.B. to

be supervised by Mother while the police investigation remained pending. Moreover, the trial court indicated that "[t]he temporary orders issued by the Magistrate in this case are in full force and effect."

{¶14} Notwithstanding the inaccurate language the trial court used and the law it cited, Mother's appeal is an appeal from the trial court's termination of its temporary visitation order that ordered Father's visitation with C.A.B. to be supervised while the police investigation remained pending. That order also reinstated the magistrate's temporary orders. Under these facts, we conclude that the order from which Mother has appealed is not a final appealable order, and this Court is without jurisdiction to consider the matter. *See, e.g.*, *In re T.G.*, 2008-Ohio-4165, ¶ 8-18; *compare In re R.S.*, 9th Dist. Summit Nos. 27857, 28073 2017-Ohio-2835, ¶ 25 (addressing the trial court's post-judgment modification of the visitation schedule).

### III.

{¶15} This Court lacks jurisdiction to consider this appeal because Mother has not appealed from a final appealable order.

Appeal dismissed.

––––––––

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

JAMES V. BARILLA, Attorney at Law, for Appellant.

REBECCA CLARK, Attorney at Law, for Appellee.