[Cite as *In re K.T.*, 2018-Ohio-1381.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: K.T.1, A.T., K.T.2, and K.T.3 | : | APPEAL NOS. C-170667 |
| | | C-170687 |
| | : | C-170701 |
| | | C-170702 |
| | : | C-170707 |
| | | TRIAL NO. F12-1273Z |
| | : | |
| | : | *O P I N I O N.* |

**Appeals From:** Hamilton County Juvenile Court

**Judgment Appealed From Is:** Reversed and Cause Remanded

**Date of Judgment Entry on Appeal:** April 13, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Donald D. Clancy, III*, Assistant Prosecuting Attorney, for Hamilton County Department of Job and Family Services,

*Raymond T. Faller*, Hamilton County Public Defender, and *Jessica Moss*, Assistant Public Defender, Guardian ad Litem for K.T.1, A.T., K.T.2 and K.T.3,

*Christopher P. Kapsal*, for W.A., Father of K.T.1, A.T., and K.T.2,

*Erik W. Laursen*, for Mother.

**CUNNINGHAM**, **Judge.**

{¶1} These consolidated appeals arise from the custody determinations of four minor children, K.T.1, A.T., K.T.2, and K.T.3, who were the subject of requests for permanent custody. In a judgment entered on November 20, 2017, the juvenile court remanded legal custody of the two oldest children, K.T.1 and A.T., to their mother, and granted permanent custody of the two youngest children, K.T.2 and K.T.3, to the Hamilton County Department of Job and Family Services ("HCJFS").

{¶2} In her appeal from the juvenile court's judgment, the mother of the four children challenges the court's grant of permanent custody to HCJFS, which terminated her parental rights with respect to K.T.2 and K.T.3.[1] In his appeal, W.A., the father of K.T.1, A.T., and K.T.2, challenges the court's termination of his parental rights with respect to K.T.2, and the court's rejection of the magistrate's decision that had granted him legal custody of K.T.1 and A.T. In its appeal, HCJFS challenges the court's denial of the motions for permanent custody of K.T.1 and A.T. The guardian ad litem ("GAL") for the children also appeals on behalf of K.T.1 and A.T., challenging the trial court's denial of the motions for permanent custody of K.T.1 and A.T. The father of K.T.3 has not appeared in the action.

{¶3} Because the juvenile court failed to consider all the necessary factors to determine the children's best interest, we reverse the trial court's judgment and remand this cause for further proceedings.

---

[1] Mother appealed twice from the same judgment. We dismiss C-170707, her second appeal, as duplicative.

## Procedural Posture

{¶4}     This case originated on June 7, 2012, when HCJFS filed a complaint seeking temporary custody of K.T.1 and A.T.  On that date, HCJFS obtained interim custody of those children, who were almost 21 months and nine months old respectively.  K.T.1 and A.T. were adjudicated dependent on July 27, 2012, and placed in the temporary custody of HCJFS, with the continuation of reunification services.

{¶5}     K.T.2 was placed in the interim custody of HCJFS on January 30, 2013, upon discharge from the hospital after her birth.  Upon her dependency adjudication on April 1, 2013, she was placed in the temporary custody of HCJFS, with the continuation of reunification services.

{¶6}     In October 2013, HCJFS moved to modify temporary custody of K.T.1, A.T., and K.T.2 to permanent custody.  That motion was based on the allegation that each child could not be placed with either parent within a reasonable time or should not be placed with the parents, and that it was in each child's best interest for the court to grant permanent custody to the agency, mirroring the language of R.C. 2151.414(B)(1)(a).  The GAL moved to change temporary custody of K.T.1, A.T., and K.T.2 to permanent custody in March 2015, on the allegation that each child had been in the temporary custody of HCJFS for 12 or more months of a consecutive 22-month period, and that it was in each child's best interest for the court to grant permanent custody to the agency, mirroring the language of R.C. 2151.414(B)(1)(d).[2]

_____

[2] The GAL additionally alleged that she was moving for permanent custody to HCJFS with respect to those three children under the provisions of R.C. 2151.413(D)(2) and 2151.414(B)(2), which apply only when the juvenile court has made the determination set forth in R.C. 2151.419(A)(2) that the agency was not required to make "reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the child's home, and return the child to the child's home."

{¶7}     In May 2016, HCJFS withdrew its request for permanent custody with respect to K.T.1 and A.T. when it filed a motion to terminate temporary custody and award legal custody of those two children to their father, W.A.  The agency withdrew that motion in June 2016, and again requested permanent custody of K.T.1 and A.T. on the same grounds as set forth in the October 2013 motion.

{¶8}     K.T.3 was placed in the interim custody of HCJFS on June 3, 2015, upon discharge from the hospital after his birth.  He was adjudicated dependent on April 20, 2016.  In its complaint, HCJFS requested permanent custody of the child as the initial disposition, alleging that the child could not be placed with one of the child's parents within a reasonable time or should not be placed with either parent, and that the permanent commitment to HCJFS was in the best interest of the child. HCJFS's stated grounds for permanent custody mirrored the language of R.C. 2151.353(A)(4).

{¶9}     After a hearing, a magistrate denied the requests for permanent custody, awarded legal custody of K.T.1, A.T., and K.T.2 to their father, and remanded legal custody of K.T.3 to his mother.  Subsequently, mother, HCJFS, and the GAL filed timely objections.  On November 20, 2017, the juvenile court sustained the objections and rejected the magistrate's decision in its entirety.  In the same judgment, the court awarded permanent custody of K.T.2 and K.T.3 to HCJFS, terminating the rights of the parents with respect to these children, and remanded custody of K.T.1 and A.T. to their mother.

## Analysis

{¶10} Initially, we address W.A.'s first assignment of error, contending that the juvenile court erred by failing to specifically rule on the objections filed by mother, HCJFS, and the GAL to the magistrate's decision. He complains that the juvenile court's failure to specifically rule on the objections as required by Juv.R. 40 left him to guess what specific part or parts of the magistrate's decision the court rejected. In support of his argument, W.A. cites part of Juv.R. 40(D)(4)(d), which provides that "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections."

{¶11} Here, the juvenile court ruled on the objections, stating in its November 2017 judgment that it found all of them "well-taken," and it rejected the magistrate's decision. Thus, the juvenile court complied with this duty under the rule. *Compare Parrish v. Parrish*, 5th Dist. Knox No. 15CA4, 2015-Ohio-4560, ¶ 21 (the juvenile court did not comply with Juv.R. 40(D)(4)(d) when it failed to specifically state whether it was overruling or sustaining all, any, or part of the objections). Because the court ruled on the objections, we overrule W.A.'s first assignment of error.

{¶12} Next we address mother's sole assignment of error and the GAL's second assignment of error. In both assignments, the parties contend that the trial court failed to consider all of the statutory factors when making its best-interest determination. We agree.

{¶13} Although not the only requirement, before it could grant permanent custody to HCJFS, the trial court was required to determine by clear and convincing evidence that permanent custody was in the best interest of each child. *See* R.C.

2151.414(B); *In re Schaefer*, 111 Ohio St.3d 498, 2006-Ohio-5513, 857 N.E.2d 532, ¶ 56. Under R.C. 2151.414(D)(1), to determine a child's best interest,

> the court shall consider all relevant factors, including, but not limited to, the following:
>
> (a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
>
> (b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard to the maturity of the child;
>
> (c) The custodial history of the child * * *;
>
> (d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
>
> (e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

"The court must consider all of the elements of R.C. 2151.414(D) as well as other relevant factors," and "[t]here is not one element that is given greater weight than the others pursuant to the statute." *Schaefer* at ¶ 56.

{¶14} A trial court need not specifically enumerate each of the R.C. 2151.414(D)(1) factors in its decision, but "there must be some indication on the record that all of the necessary factors were considered." *In re G.B.*, 10th Dist. Franklin No. 04AP-1024, 2005-Ohio-3141, ¶ 17, quoted in *In re N.G.*, 1st Dist. Hamilton Nos. C-130684 and C-130685, 2014-Ohio-720, ¶ 12. Here, the juvenile

court stated in its opinion that "[p]ursuant to ORC 2151.414(D)(1) the best interest of the [c]hild is determined by examining:" and then listed the R.C. 2151.414(D)(1)(a)-(d) factors. Omitted from this list was a reference to the mandatory R.C. 2151.414(D)(1)(e) factors. And the opinion is devoid of any other indication that the court considered those factors referenced in R.C. 2151.414(D)(1)(e).

{¶15} For this reason, we sustain mother's sole assignment of error and the GAL's second assignment of error. We, therefore, reverse the judgment of the trial court and remand the matter for consideration of the best-interest factors. We direct the juvenile court on remand to state with specificity its ruling on each of the pending motions for permanent custody of K.T.1., A.T., and K.T.2, and on the complaint requesting an initial disposition of permanent custody for K.T.3, as affecting each parent.

{¶16} The other assignments of error are rendered moot by our disposition. We therefore decline to address them. *See* App.R. 12(A)(1)(c).

## Conclusion

{¶17} The juvenile court's judgment is reversed, and this cause is remanded to the juvenile court for further proceedings consistent with this opinion and the law. The appeal numbered C-170707 is dismissed as duplicative.

Judgment reversed and cause remanded.

**MOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its own entry this date.