[Cite as *In re S Children*, 2018-Ohio-5010.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: THE S CHILDREN          :           APPEAL NO.  C-170617
                                               TRIAL NO. F-16-2167z

                                     :

                                                    *O P I N I O N.*

                                     :

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ernest W. Lee*, Assistant Prosecuting Attorney, for Appellant Hamilton County Department of Job and Family Services,

*Raymond T. Faller*, Hamilton County Public Defender, and *Klarysa Benge*, Assistant Public Defender, Guardian ad Litem for C.S. and N.S.,

Kacy Eaves for C.S. and N.S.,

*Kroener, Hale & Penick* and *Angela Penick* for Appellee Mother,

*Stagnaro, Hannigan, Koop* and *Chad G. Koop* for Appellee Father.

**CUNNINGHAM, Presiding Judge.**

{¶1}   This appeal was originally consolidated with the companion appeals of children N.S. and C.S. and of their guardian ad litem ("GAL").  The three appeals arose out of the trial court's order dismissing the permanent-custody complaint of the Hamilton County Department of Job and Family Services ("HCJFS") as to children N.S. and C.S,[1] but continuing the case as to their siblings.  The trial court stayed its partial judgment pending the resolution of the appeals, allowing the continuation of an earlier agreement vesting interim custody of the children with HCJFS.

{¶2}   Concerned that we lacked jurisdiction over HCJFS's appeal, we sua sponte severed HCJFS's appeal, but disposed of the children's and the GAL's appeals, affirming the trial court's judgment in part, reversing in part, and remanding for further proceedings.  *See In re the S Children*, 1st Dist. Hamilton Nos. C-170624 and C-170653, 2018-Ohio-2961 ("*S Children I*").  After severing the appeals, we asked the parties to brief the issue of whether we had jurisdiction over HCJFS's appeal.  Specifically, the parties were asked whether HCJFS had a "substantial right" as defined in R.C. 2505.02(A)(1) affected by the trial court's partial judgment, thereby meeting the definition of a "final order" under R.C. 2505.02(B).

{¶3}   We now hold that the trial court's judgment dismissing HCJFS's complaint, filed under R.C. 2151.27 and alleging that N.S. and C.S. were abused, neglected, and dependent, affected HCJFS's substantial right, where the judgment

---

[1] The trial court deemed A.S., the deceased sibling of N.S. and C.S., dismissed from the complaint due to his death, which was allegedly a homicide.  HCJFS failed to present an assignment of error challenging the trial court's dismissal of A.S. due to his death or any argument challenging the court's dismissal on that basis.  Accordingly, we do not address on appeal the trial court's dismissal of A.S. from the complaint.

permanently deprived HCJFS of a remedy that it would otherwise possess based on its statutory right and duty, under R.C. 5153.16(A) and as their legal custodian, to intervene to protect these children from the alleged acts of their parents. As further discussed below, the trial court's order, therefore, is final and appealable as to HCJFS.

### Jurisdictional Analysis

{¶4} Under Article IV, Section 3(B)(2), Ohio Constitution, "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." R.C. 2505.02(B) defines types of final orders. In relevant part, that code section states that

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the judgment and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.

{¶5} R.C. 2505.02(B)(2) applies to the appeal brought by HCJFS because the trial court's dismissal of the complaint arises out of a special proceeding and affects the agency's substantial right to seek an adjudication of abuse, neglect, or dependency to protect those two children. We need not decide if R.C. 2505.02(B)(1) applies also.

{¶6} *HCJFS's role as a public children-services agency*. HCJFS is the public children-services agency in Hamilton County. *See* R.C. 5153.02. A

3

public children-services agency has broad, statutory authority to intervene to protect a child's health and safety. *See* R.C. 5153.16; *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, ¶ 28; *In re Collier*, 4th Dist. Athens No. CA-1494, 1992 WL 21229 (Feb. 4, 1992), cited in *In re D.A.*, 8th Dist. Cuyahoga No. 95188, 2010-Ohio-5618, ¶ 38. The agency, in fact, has a statutory duty to intervene on behalf of children in its jurisdiction it deems in need of "public care or protective services." R.C. 5153.16(A).

{¶7} As part of HCJFS's statutory authority and duty to intervene to protect children, the agency "shall" investigate a report of child abuse or neglect, or a threat of abuse or neglect, reported pursuant to Ohio's child-abuse-reporting law. *See* R.C. 2151.421(G)(1). When necessary, the agency shall provide emergency support services and file a complaint. R.C. 2151.421(G)(2) and (J). In exercising its powers, "[t]he [HCJFS] * * * shall have the capacity possessed by natural persons to institute proceedings in any court." R.C. 5153.18(A).

{¶8} Generally, if HCJFS believes that a child is abused, neglected or dependent, and that immediate removal of the child from the child's home is necessary, the agency will notify the court and seek an ex parte emergency order authorizing the taking of the child into custody. R.C. 2151.31. If the order is granted and the child is placed in shelter care with the agency, the agency must immediately file a complaint conforming with R.C. 2151.27, alleging the abuse, neglect, or dependency, and must seek at least interim temporary custody pending disposition of the case. *See* R.C. 2151.27(A)(1), 2151.31(D), and 2151.33(C)(2). In its complaint, the agency may request permanent custody as a preferred or alternative disposition. *See* R.C. 2151.27(C).

4

{¶9} The complaint alleging abuse, neglect, or dependency is governed by R.C. 2151.27, which provides in relevant part as follows:

> any person having knowledge of a child who appears * * * to be an * * * abused, neglected, or dependent child may file a sworn complaint with respect to that child in the juvenile court of the county in which the child has a residence or legal settlement or in which the * * * abuse, neglect or dependency allegedly occurred.
>
> * * *
>
> If the complainant in a case in which a child is alleged to be an abused, neglected, or dependent child desires permanent custody of the child or children, temporary custody of the child or children, whether as the preferred or an alternative disposition, or the placement of the child in a planned permanent living arrangement, the complaint shall contain a prayer specifically requesting permanent custody, temporary custody, or the placement of the child in a planned permanent living arrangement.

R.C. 2151.27(A)(1) and (C).

{¶10} If the trial court adjudicates a child abused, neglected, or dependent, the court retains jurisdiction over that child until the child reaches the age of 18, with a few exceptions, including the adoption of the child. R.C. 2151.353(F)(1). After the adjudication, the court then orders a disposition, which may include committing the child to the temporary or permanent custody of a public children-services agency, as provided in R.C. 2151.353(A)(2)(a) and (4), or placing the child in a planned permanent living arrangement with a public children-services agency, as provided in R.C. 2151.353(A)(5).

5

{¶11} Here, the trial court granted HCJFS's request for an ex parte emergency order and placed N.S. and C.S. in the interim temporary custody of HCJFS. As defined by statute, "temporary custody" means "legal custody of a child who is removed from the child's home" that may be terminated "at any time" by the court or the person who executed an agreement for temporary custody. R.C. 2151.011(A)(55); *see* Juv.R. 2(OO). "Legal custody" means "a legal status that vests in the custodian the right to have physical care and control of the child and to determine where and with whom the child shall live, and *the right and duty to protect*, train, and discipline the child and to provide the child with food, shelter, education, and medical care, all subject to any residual parental rights, privileges, and responsibilities." (Emphasis added.) R.C. 2151.011(A)(21); *see* Juv.R. 2(V). "Custodian" includes a public children services agency that has temporary custody of a child. R.C. 2151.011(A)(11); s*ee* Juv.R. 2(H). HCJFS's temporary custody continued by agreement of the parties until the court dismissed the complaint.

{¶12} **Actions involving allegedly abused, neglected, or dependent children are special proceedings**. Civil actions such as this one brought by a public children-services agency alleging abuse, neglect or dependency of a child and seeking to temporarily or permanently terminate parental rights are special proceedings created by statute, because they were unknown under the common law. *In re Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, ¶ 43; *S Children I*, 1st Dist. Hamilton Nos. C-170624 and C-170653, 2018-Ohio-2961, ¶ 10; *In re M.H. and L.S.*, 1st Dist. Hamilton Nos. C-130703 and C-130704, 2014-Ohio-1050, ¶ 4. Because the action instituted by HCJFS is a special proceeding, the first prong of the R.C. 2505.02(B)(2) analysis to determine HCJFS's present right to appeal is undisputedly satisfied.

{¶13} ***HCJFS has a substantial right affected by the trial court's order dismissing the complaint alleging abuse, neglect and dependency.*** The other requisite inquiry under R.C. 2505.02(B)(2) is whether the judgment dismissing HCJFS's complaint alleging abuse, neglect, and dependency "affects" a "substantial right." A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). A substantial right has been "affect[ed]" for purposes of R.C. 2505.02(B)(2) only if the appellant will be denied effective relief in the future without immediate review of the judgment or order. *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993); *S Children I* at ¶ 11.

{¶14} Ordinarily, a court order depriving a person of a remedy that the person would otherwise possess deprives that person of a substantial right. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989), quoted in *In re W.W.*, 190 Ohio App.3d 653, 2010-Ohio-5305, 943 N.E.2d 1055, ¶ 20 (11th Dist.).

{¶15} Here, HCJFS, with the statutory right and duty to intervene to protect N.S. and C.S., filed a complaint under R.C. 2157.27 seeking an adjudication that N.S. and C.S. were abused, neglected, and dependent. HCJFS requested in its fourth amended complaint a disposition of permanent custody of the children, as the preferred disposition, or temporary custody, as an alternative disposition. The trial court's dismissal of that complaint permanently deprived HCJFS, legal custodian of the children, of its substantial right to seek and obtain protection for N.S. and C.S. due to the conduct of their parents, as alleged in the complaint. *See* Juv.R. 29(F)(1).

{¶16}  The trial court's judgment also terminated HCJFS's interim custody of those children and returned the children to their parents, an outcome that may result in irreparable harm if the allegations of the complaint are true.  Thus, appropriate relief in the future would be foreclosed in the absence of an immediate appeal.  The trial court's judgment, therefore, affects a substantial right of HCJFS to fulfill its statutory obligation to these two children.

{¶17}  *The trial court's judgment is final and appealable under R.C. 2505.02(B)(2)*.  The trial court's order was issued in a special proceeding, dismissed HCJFS's complaint alleging abuse, neglect and dependency, and permanently deprived HCJFS of its right and duty to seek and obtain protection for those children based on the allegations of the complaint.  Consequently, we hold that order is a final appealable order under R.C. 2505.02(B)(2).

{¶18}  Our holding is consistent with this court's recent decision in *In re L.A.*, 2014-Ohio-894, 9 N.E.3d 525 (1st Dist.).  In that case, after an adjudication of dependency, the children were placed in the temporary custody of HCJFS, which eventually moved for permanent custody of the children.  The juvenile court rejected the magistrate's decision awarding permanent custody to HCJFS and remanded the case for a new hearing to determine whether the grandparents and parents would be an appropriate placement for the children.  The court further ordered that the children remain in foster care under orders of supervision, but specifically noted that HCJFS's temporary custody of the children had terminated by operation of law, and directed HCJFS to investigate the suitability of other potential legal custodians.  This court allowed an appeal by HCJFS, recognizing HCJFS had "a statutory duty to protect the best interests of the children after the court ordered the agency to continue to investigate the suitability of the mother and maternal grandmother as

legal custodians," and that a substantial right was affected by the trial court's order that left the children without a safe and secure placement. *Id.* at ¶ 7.

{¶19} Unlike in *L.A.*, where the trial court failed to award custody to anyone, but continued to exercise jurisdiction over the children, the trial court in this case dismissed the complaint, terminated HCJFS's interim custody of the children, and returned custody to the children's parents. Thus, the trial court's order terminating the proceedings with respect to N.S. and C.S. has a greater effect on the substantial rights of HCJFS to intervene to protect children than the order in *L.A.*

{¶20} Our holding is also consistent with other case law. The Eleventh District Court of Appeals in *In re W.W.*, 190 Ohio App.3d 653, 2010-Ohio-5305, 943 N.E.2d 1055, recognized that a juvenile court's dismissal of an abuse complaint for lack of venue "deprived" the Lake County Department of Job and Family Services of its "right to prosecute abuse proceedings on behalf of W.W." *Id.* at ¶ 22. Although the court did not use the phrase "affected a substantial right" in its analysis, the only reasonable inference from the decision is that the court made this determination when it found it had jurisdiction to proceed.

{¶21} The Eighth District Court of Appeals in *In re D.A.*, 8th Dist. Cuyahoga No. 95188, 2010-Ohio-5618, expressly held that a trial court order terminating a children-services agency's temporary custody of a dependent child and granting legal custody to the child's father "affected" a "substantial right" of the agency, because the agency lost the means to protect the child as the child's temporary custodian. *Id.* at ¶ 39.

{¶22} Other appellate courts have entertained the state's appeal from a dismissal of an abuse, neglect or dependency complaint without addressing the jurisdictional issue and thus implicitly recognizing that the order affected a

substantial right. *See, e.g., In re Z.P.*, 5th Dist. Stark No. 2008CA00209, 2009-Ohio-378; *In re Prendergast*, 8th Dist. Cuyahoga No. 78946, 2001 WL 1110298 (Sept. 13, 2001).

{¶23} And this court has routinely entertained appeals from the state upon a final disposition returning the children to a parent after a finding of abuse, neglect, or dependency. *See, e.g., In re K.T.1*, 1st Dist. Hamilton Nos. C-170667, C-170687, C-170701, C-170702 and C-170707, 2018-Ohio-1381; *In re C.M.*, 1st Dist. Hamilton Nos. C-150365 and C-150396, 2015-Ohio-3971; *In re L.W.J.*, 1st Dist. Hamilton Nos. C-140282 and C-140283, 2014-Ohio-4181. *Accord In re L.O.*, 8th Dist. Cuyahoga No. 101805, 2015-Ohio-1458; *In re D.G.*, 10th Dist. Franklin No. 09AP-1122, 2010-Ohio-2370.

{¶24} ***In re Adams is distinguishable***. In this case we hold that HCJFS has a substantial right, created by statute, to seek and obtain protection for N.S. and C.S., and that that right is affected by the trial court's order dismissing the abuse, neglect, and dependency complaint HCJFS filed on behalf of those children as their legal custodian. The Ohio Supreme Court has neither addressed this issue nor foreclosed our determination that a substantial right created by statute exists and is affected.

{¶25} In *In re Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, the Ohio Supreme Court addressed whether it had jurisdiction to review a children-services agency's appeal of a judgment denying the agency's motion to modify temporary custody to permanent custody, but continuing temporary custody with the agency. The children in that case, unlike the children in this case, had been adjudicated neglected and abused upon the agency's complaint and had already been

10

placed in the agency's temporary custody as an initial disposition when the motion for permanent custody was filed.

{¶26} The *Adams* court held that the order denying permanent custody but continuing temporary custody did not qualify as a final, appealable order under either R.C. 2505.02(B)(1) or (2). The court's analysis was based in part on the court's determination that the agency did not have a substantial right affected by the order that merely continued temporary custody. After concluding that the order was not final under R.C. 2505.02(B)(1) because it did not determine the action or prevent a judgment, the court held that "[e]qually important to our determination of whether an order is a final, appealable order under R.C. 2505.02(B)(1) and controlling in our discussion of a final, appealable order under R.C. 2505.02(B)(2) is the fact that a children-services agency does not have a substantial right in the permanent custody of children based on the fact that the agency has temporary custody of the children." *Adams* at ¶ 42. It found that "no constitutional provision, statute, rule of common law, or procedural rule entitles a children-services agency to any inherent right to raise a child to adulthood. In contrast, a parent has a substantial right in custody." *Adams* at ¶ 43.

{¶27} This comparison of a parent's inherent and fundamental right to raise a child to an agency's lack of a reciprocal right was central to the *Adams* court's substantial-right analysis. The court used the comparison to explain its previous holding in *In re Murray*, 52 Ohio St.3d 155, 556 N.E.2d 1169 (1990). The court in *Murray* allowed a parent to appeal from a finding of neglect or dependency followed by a dispositional order awarding temporary custody to a children-services agency, because that order was not a final determination of the neglect or dependency action, but did "determine[] the action" and was final and appealable as to the parents, who

11

were deprived of the custody of their children as a result of the order and could not later re-adjudicate the issues if the agency sought permanent custody. *Murray* at 158-161. The *Adams* court explained that because the children-services agency lacked any right, "*inherent*" or otherwise, *"to raise a child to adulthood,"* it lacked a substantial right in the "*permanent custody of children based on the fact that [it] has temporary custody.*" (Emphasis added.) *See Adams* at ¶ 42-43.

{¶28} The *Adams* court noted also that the order in the case before it, which did not finally determine the neglect and dependency action, required no immediate appeal, because "the continuation of temporary custody does not foreclose appropriate relief in the future" for the agency. *Id.* at ¶ 44. That discussion echoed a prior statement by the court, that "[o]nce the neglect and dependency action is determined, the agency or the parents can appeal the decision," *id.* at ¶ 40, and the court's conclusion that "[w]hen the trial court enters its final order, all parties whose substantial rights are affected by that order will be able to appeal." *Id.* at ¶ 46.

{¶29} Importantly, our determination here, that the agency has a substantial right, created by statute, to appeal the dismissal of the complaint where that dismissal permanently ends the existing proceeding with respect to N.S. and C.S., is not inconsistent with the *Adams* court's holding that an order by the juvenile court denying an agency's motion for permanent custody, but continuing temporary custody with the agency, does not "affect" any substantial right of the agency.

{¶30} ***Role of the GAL***. The dissent acknowledges that the agency does have an interest in ensuring the welfare of the children by way of appeal, but takes the position that this interest is protected by the children's guardian ad litem. We disagree.

12

{¶31} Certainly the GAL has a vital role in custody proceedings, including permanent-custody proceedings. As the Supreme Court explained in *In re C.B.,* 129 Ohio St.3d 231, 2011-Ohio-2899, 951 N.E.2d 398, the GAL's statutory role in permanent-custody proceedings includes "perform[ing] whatever functions are necessary to protect the best interest of the child, including, but not limited to * * * monitoring the services provided the child by the public children services agency * * * [and filing] any motions and other court papers that are in the best interest of the child." R.C. 2151.281(I), quoted *In re C.B.* at ¶ 14.

{¶32} *C.B.* involved in part whether a trial court order denying a children-services agency's motion to modify its temporary custody of a child to permanent custody, terminating the placement of temporary custody with the agency, and awarding legal custody to a parent was final and appealable. *Id.* The agency did not appeal the order but the mother and the GAL did. The Eighth District Court of Appeals dismissed the appeal for lack of a final appealable order on the authority of *In re Adams.* The Ohio Supreme Court granted discretionary review to the GAL and reversed. In determining that the order that ended the existing proceeding with respect to the child was final and appealable, the *C.B.* court recognized the GAL's "statutory right to ensure that the best interests of the child are enforced and protected in the permanent custody proceeding." The court concluded that the order affected a "substantial right" and could be appealed. *Id.* at ¶ 14-15.

{¶33} A children-services agency such as HCJFS has a more direct and extensive role in custody proceedings, including in this case the "right and duty to protect" the children as their legal custodian. R.C. 2151.011(A)(21). And the fact that the GAL and HCJFS both protect the child does not mean that HCJFS loses its right to continue to protect the child on appeal.

{¶34} Further, the trial court is not required to appoint a GAL in every case where the agency has filed a complaint for abuse, neglect, or dependency. *See* R.C. R.C. 2151.281(B). For this reason, too, we conclude that the GAL is not able to adequately protect the state's interest in ensuring the welfare of the children.

{¶35} *App.R. 4(B)(5) applies*. C.S. and N.S.'s siblings have not been dismissed from the agency's permanent-custody complaint, and there is no Civ.R. 54(B) certification. App.R. 4(B)(5) applies, however, when there has been an order that affects a substantial right made in a special proceeding, but where there is no Civ.R. 54(B) certification on the partial judgment. *See S Children I*, 1st Dist. Hamilton Nos. C-170624 and C-170653, 2018-Ohio-2961, ¶ 13. That appellate rule permitted HCJFS to file its appeal within 30 days of the trial court's partial judgment or await the end of the case. *See id.* Accordingly, this court has jurisdiction to review HCJFS's appeal of the trial court's partial judgment.

{¶36} *Assignments of error*. We turn now to HCJFS's two assignments of error. Based on our decision in S Children I, we sustain the assignments of error to the extent that HCJFS argues that the trial court erred in failing to apply R.C. 2151.04(C) when determining if C.S. and N.S. were dependent children, as alleged in the amended complaint. The case must be remanded to the trial court for this reason. In all other respects, HCJFS's assignments of error are overruled.

## Conclusion

{¶37} The trial court's partial judgment dismissing N.S. and C.S. from HCJFS's complaint is final and appealable as to HCJFS under R.C. 2505.02(B)(2), because it was made in a special proceeding and affects the substantial right of HCJFS to intervene to protect those children, when it permanently deprived HCJFS of the remedy to have the juvenile court adjudicate those children as abused,

14

neglected, or dependent based on the specifically alleged actions of their parents. Consistent with our disposition in *S Children I*, we affirm the portion of the trial court's judgment determining that the state failed to prove by clear and convincing evidence that C.S. and N.S. were abused or neglected, we reverse the trial court's holding that R.C. 2151.04(C) of the dependency statute did not apply, and we remand with instructions to the trial court either to rule on the parents' motion to dismiss under R.C. 2151.04(C) or to take the motion under submission pending the completion of the trial, and for further proceedings consistent with the law and this opinion.

Judgment accordingly.

**MYERS, J**., concurs.
**MILLER, J.,** dissents.

**MILLER, Judge,** dissenting.

{¶38}  I respectfully dissent from the majority's opinion.  While I understand the desire to permit an agency to appeal a permanent-custody decision, *In re Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, disallows this appeal.

{¶39}  In *Adams*, the Ohio Supreme Court addressed whether it had jurisdiction to review a children-services agency's appeal of a judgment denying the agency's motion to modify temporary custody to permanent custody, and continuing temporary custody.  The court held that the judgment did not qualify as a final, appealable order under either R.C. 2505.02(B)(1) or (2).  Central to its analysis was the court's determination that the agency had not had a substantial right affected by the judgment.  After concluding that the order was not final under R.C. 2505.02(B)(1) because it did not determine the action or prevent a judgment, the court held that "[e]qually important to our determination of whether an order is a final, appealable order under R.C. 2505.02(B)(1) and controlling in our discussion of

15

a final, appealable order under R.C. 2505.02(B)(2) is the fact that a children-services agency does not have a substantial right in the permanent custody of children based on the fact that the agency has temporary custody of the children." *Adams* at ¶ 42. This was because "no constitutional provision, statute, rule of common law, or procedural rule entitles a children-services agency to any inherent right to raise a child to adulthood. In contrast, a parent has a substantial right in custody." *Id.* at ¶ 43. Thus, *Adams* stands for the proposition that, even where an agency has temporary custody of a child, the agency does not have a substantial right in the permanent custody of that child.

{¶40} The majority relies, mistakenly in my view, on the statement in *Adams* that "[o]nce the neglect and dependency action is determined, the agency or the parents can appeal." *Id.* at ¶ 40. This statement pertains only to whether the decision "determines the action." It is not relevant to the Supreme Court's conclusion that the agency had no substantial right affected. The court went out of its way to say that only parties whose substantial rights are affected by the trial court's final judgment may appeal. *Id.* at ¶ 46.

{¶41} For us to hold that the trial court's order is "final" under R.C. 2505.02, we would have to find that the trial court's judgment affected a right—that is not the right to permanent custody—that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles HCJFS to protect. *Adams* bars us from finding that HCJFS had a substantial right affected here. The majority concludes that the order ending its temporary custody impacted a substantial right. While this is a tempting end-run around *Adams*, it runs counter to the statutory scheme that is designed to enforce strict time limits on the length of temporary-custody orders.

{¶42} The majority also relies on *In re L.A.*, 2014-Ohio-894, 9 N.E.3d 525 (1st Dist.). In *L.A.*, we held that HCJFS could appeal a trial court's judgment that denied its motion for permanent custody, but ordered HCJFS to investigate placement options without awarding temporary or permanent custody to a specific person or to HCJFS. Because the court's order left the children in legal limbo, without placement—let alone a safe and secure one—and because the court had ordered HCJFS to investigate suitable placement options, we held that HCJFS had had a substantial right affected by the judgment. We specifically limited our holding to the "unique and specific circumstances" of that case. *L.A.* at ¶ 7. Those circumstances do not exist here. In a case later that year, we applied *Adams* to HCJFS's appeal of a judgment denying its motion for permanent custody and dismissed it for lack of a final order. *See In re M.H.*, 1st Dist. Hamilton Nos. C-130703 and C-130704, 2014-Ohio-1050 (J. Fischer).

{¶43} *The GAL's role*. Finally, HCJFS makes a policy argument, and a compelling one at that. It contends that "[u]nless unequivocally mandated to do so, this court should not diminish a voice for child welfare and safety by denying * * * HCJFS an avenue for legal redress." Based on *Adams*, we are "unequivocally mandated" to dismiss this appeal for lack of a final, appealable order.

{¶44} However, the state's interest in ensuring the welfare of children by way of appeal is protected via the GAL. By statute, the trial court must appoint a GAL for any child who is the subject of a permanent-custody proceeding. *See* R.C. 2151.281(B)(1). In *In re C.B.,* 129 Ohio St.3d 231, 2011-Ohio-2899, 951 N.E.2d 398, the Supreme Court surmised that "[b]ecause of the unique role the guardian ad litem has in a permanent-custody proceeding with respect to ensuring that the best interests of a child are considered * * * the guardian ad litem has a statutory right to

ensure that the best interests of the child are enforced and protected in the permanent-custody proceeding." *Id.* at ¶ 14. The court held that this right was a "substantial right" under R.C. 2505.02(A)(1) and allowed the GAL to appeal the trial court's denial of an agency's motion for permanent custody. *Id.* at ¶ 14-15.

{¶45} The state's interests in ensuring the welfare of a child through the right to appeal an adverse decision is vested in an agent who plays a "unique role" with respect to protecting the best interests of that child. Indeed, in the companion appeals in this case, we decided the GAL's and the children's appeals on their merits.

{¶46} *Adams* and *C.B.* appear to strike a balance that the state's right to appeal a permanent-custody decision—the family law equivalent of the death penalty—belongs to the party charged with, above other matters, protecting the best interests of the child. Perhaps this is to insulate the decision to appeal from the agency or attorneys who lost in the trial court and to allow cooler heads to prevail.

{¶47} HCJFS did not have a substantial right affected by the trial court's judgment dismissing its complaint for permanent custody of N.S. and C.S. Therefore, there is no final order as to HCJFS under R.C. 2505.02, and the agency's appeal should be dismissed.

Please note:
The court has recorded its own entry on the date of the release of this opinion.