[Cite as *In re S. Children*, 2020-Ohio-3354.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


| IN RE: THE S. CHILDREN | : | APPEAL NOS. C-190287 |
| | | C-190299 |
| | : | C-190313 |
| | | C-190320 |
| | : | C-190332 |
| | | C-190333 |
| | : | TRIAL NO. F16-2167Z |
| | : | *O P I N I O N.* |


Appeals From:    Hamilton County Juvenile Court

Judgments Appealed From Are:   Reversed and Cause Remanded in C-190287, C-190299, C-190313 and C-190320; Appeals Dismissed in C-190332 and C-190333

Date of Judgment Entry on Appeal: June 17, 2020


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ernest W. Lee, Jr.*, Assistant Prosecuting Attorney, for Appellant/Cross-Appellee Hamilton County Department of Job and Family Services,

*Geoffrey W. Pittman* for Appellants/Cross-Appellees C.S.2 and K.S.,

*Kacy C. Eaves*, for Appellants/Cross-Appellees C.S.1, M.S., and N.S.,

*Raymond T. Faller*, Hamilton County Public Defender, and *Klarysa J. Benge*, Assistant Public Defender, Guardian ad Litem for Appellants/Cross-Appellees minor children,

*Stagnaro, Hannigan, Koop* and *Chad G. Koop* for Cross-Appellant/Appellee Father,

*Cathy R. Cook* for Cross-Appellant/Appellee Mother.

**MYERS, Presiding Judge.**

{¶1}    These consolidated appeals present an issue of first impression in this district:  whether a trial court may dismiss a child from a dependency, neglect, and abuse action solely because the child died before the action was filed.  Because R.C. 2151.031 specifically provides for the adjudication of a deceased child as an abused child, we hold that the trial court erred in dismissing a child from the action in the case below solely because he was deceased, and we reverse and remand for further proceedings.

*Factual and Procedural Background*

{¶2}    This case has a lengthy procedural history.  In October 2016, the child that is the subject of this appeal, A.S., died from injuries allegedly inflicted at home while in his parents' care.  An autopsy was conducted, and A.S.'s death was ruled a homicide.  Following A.S.'s death, the Hamilton County Department of Job and Family Services ("HCJFS") filed a complaint seeking permanent custody of A.S. and his five siblings, K.S., C.S.1, M.S., N.S., and C.S.2.[1]  The complaint alleged that the children were abused, neglected, and dependent.

{¶3}    At the close of the state's presentation of evidence during the adjudicatory phase of the proceedings, the parents filed a motion for summary judgment, which the trial court recast as a motion to dismiss.  In an entry dated November 3, 2017, the trial court ruled on the motion to dismiss and noted that: "The fourth amended complaint upon which the Court has been proceeding alleges

---

[1] Any reference to the complaint in this opinion refers to the "Fourth Amended Complaint" filed on March 13, 2017.

that all five remaining children ([A.S.] having been previously dismissed from the complaint because of his death which occurred even before the first complaint was filed) are neglected, abused, and dependent * * *." The trial court proceeded to consider the motion to dismiss with respect to the five children that it believed were still subject to the complaint, and it held that "the Court cannot find that the State has presented sufficient evidence to justify a continued allegation of neglect, abuse, or even dependency as it relates to [N.S. and C.S.1]. The complaint is dismissed as to these two children only."

{¶4} C.S.1 and N.S., their guardian ad litem, and HCJFS appealed the trial court's entry dismissing the children from the action. In *In re S Children*, 1st Dist. Hamilton Nos. C-170624 and C-170653, 2018-Ohio-2961 ("*S Children 1*"), this court considered the appeals filed by C.S.1 and N.S. and their guardian ad litem. We upheld the trial court's determination that the state had failed to prove that C.S.1 and N.S. were neglected children. *Id.* at ¶ 31. But, with respect to the state's allegation that the children were dependent, we held that the trial court erred in holding that R.C. 2151.04(C) did not apply, and we remanded the case for the trial court to determine whether the children were dependent under this provision. *Id.* at ¶ 34-36.

{¶5} As to the appeal filed by HCJFS, we ordered supplemental briefing concerning whether the trial court's order was a final, appealable order from which HCJFS could appeal. In *In re S Children*, 2018-Ohio-5010, 126 N.E.3d 239, ¶ 17 (1st Dist.) ("*S Children 2*"), we determined that the order was final and appealable with respect to HCJFS because the trial court's dismissal of the action as to C.S.1 and N.S. deprived HCJFS, the children's legal custodian, of its substantial right to seek and obtain protection for the children. We then relied on *S Children 1* to sustain HCJFS's

3

argument that the trial court erred in failing to apply R.C. 2151.04(C) when determining whether C.S.1 and N.S. were dependent children. *Id.* at ¶ 36. In a footnote, we stated:

> The trial court deemed A.S., the deceased sibling of N.S. and C.S., dismissed from the complaint due to his death, which was allegedly a homicide. HCJFS failed to present an assignment of error challenging the trial court's dismissal of A.S. due to his death or any argument challenging the court's dismissal on that basis. Accordingly, we do not address on appeal the trial court's dismissal of A.S. from the complaint.

*Id.* at ¶ 1, fn. 1. HCJFS filed a motion for reconsideration, asserting that it had challenged the dismissal of A.S. in its appellate brief. This court denied the motion for reconsideration.

{¶6} On remand before the trial court, HCJFS filed a "motion to correct the record, nunc pro tunc," arguing that the trial court's statement in its November 3, 2017 entry that A.S. had previously been dismissed from the action due to his death was incorrect. Parents argued that the dismissal of A.S. was the law of the case because HCJFS had failed to challenge the dismissal of A.S. on appeal. Recognizing that A.S. had not been dismissed from the case and that its prior entry had been incorrect, the trial court issued an entry dated April 25, 2019, captioned "Entry correcting the record, nunc pro tunc 11/03/2017." The entry stated:

> The Court, being fully apprised, finds that [A.S.] has not been dismissed from this underlying action and is still subject to the Fourth Amended complaint filed March 13, 2017, which is pending before the

4

Court. The Court's observation that [A.S.] had previously been dismissed from the action via entry on November 3, 2017 is vacated. Therefore, the Court enters this supplemental Entry of Correction.

[A.S.] is dismissed as subject to this litigation due to his death.

The trial court issued a second entry dated April 26, 2019. This entry stated that it was a "correction nunc pro tunc: entry is from 4/25/19." It further stated that the entry reflected a "correction of record to reflect [that] deletion of deceased child, [A.S.] is approved."

{¶7} HCJFS, A.S.'s siblings, the children's guardian ad litem, and mother and father of the children ("parents") have appealed the trial court's entries dismissing A.S. from the action.

### *Our Prior Decision*

{¶8} Before considering the merits of these appeals, we address our previous opinion in *S Children 2*. As set forth above, we stated in a footnote in *S Children 2* that the trial court had dismissed A.S. from the action due to his death.

{¶9} In fact, A.S. had not been dismissed, and there was no dismissal of A.S. for this court to review. All parties agree that the trial court's statement in its November 3, 2017 entry that A.S. had previously been dismissed due to his death was erroneous, and that, prior to the November 3, 2017 decision being issued, the record contained no entry of dismissal with respect to A.S. The trial court recognized on remand that A.S. had never been dismissed, and it dismissed him, solely because he was deceased, for the first time in its April 25, 2019 entry. It is from that entry that the parties appeal.

*Our Jurisdiction*

### A. R.C. 2505.02

{¶10} Under Article IV, Section 3(B)(2), Ohio Constitution, "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." In relevant part, R.C. 2505.02(B)(2) provides that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."

{¶11} A permanent-custody action is a special proceeding. *In re Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, ¶ 43; *S Children 1*, 1st Dist. Hamilton Nos. C-170624 and C-170653, 2018-Ohio-2961, at ¶ 10. A substantial right is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). Where a substantial right exists, that right is affected "for purposes of R.C. 2505.02(B)(2) only if 'in the absence of immediate review of the order [the appellant] will be denied effective relief in the future.' " *Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, 106 N.E.2d 1239, ¶ 10, quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993).

{¶12} The trial court's entries are final orders from which HCJFS, the children's guardian ad litem, C.S.2 and K.S., and C.S.1, M.S., and N.S. may appeal. HCJFS has a substantial right to seek adjudications of abused, neglected, and dependent children, and that right was affected when the trial court dismissed A.S.

6

from the action. *S Children 2*, 2018-Ohio-5010, 126 N.E.3d 239, at ¶ 24. The dismissal of A.S. also affected the guardian ad litem's substantial right to ensure that the best interests of the children are enforced and protected during the permanent-custody proceedings. *S Children 1* at ¶ 10. As to C.S.2, K.S., C.S.1, M.S., and N.S., they "have a statutory right set forth in R.C. 2151.01(A) that they are entitled to enforce regarding who will raise them." *Id.* Because the adjudication of A.S. may impact both the adjudication of his siblings as well as a decision regarding who will raise them, their statutory right was affected by the trial court's dismissal of A.S. from the action.

{¶13} We reach a different conclusion with respect to parents. Parents indisputably have a substantial right in the custody of their child. *Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, at ¶ 43. But that right was not affected by the trial court's entries because parents were not aggrieved by the trial court's dismissal of A.S. from the litigation. Parents are essentially challenging the date of A.S.'s dismissal. They will not be denied effective relief in the future absent immediate review. We accordingly find that the trial court's entries are not final orders from which parents can appeal, and we dismiss the parents' appeals numbered C-190332 and C-190333.

### B. App.R. 4(B)

{¶14} A.S.'s siblings have not been dismissed from the action, and the trial court's entries dismissing A.S. did not contain Civ.R. 54(B) certification. But despite the lack of Civ.R. 54(B) certification, because the trial court's entries affect a substantial right made in a special proceeding, App.R. 4(B)(5) permits the appeal from the trial court's partial judgment. *S Children 2* at ¶ 35 (App.R. 4(B)(5) permits

HCFJS to file an appeal within 30 days of the partial judgment or to await the end of the case).

### *The Dismissal of A.S.*

{¶15} In the appeals numbered C-190287, C-190299, C-190313, and C-190320, HCJFS, the children's guardian ad litem, C.S.2 and K.S., and C.S.1, M.S., and N.S. have raised assignments of error arguing that the trial court erred as a matter of law and abused its discretion when it dismissed a deceased child from an abuse, neglect, and dependency action solely because the child was deceased. We address these assignments of error collectively.

{¶16} Parents argue that in order to challenge the dismissal of A.S., an appeal needed to be taken from the November 3, 2017 entry which referred to a prior dismissal of A.S. They argue that to correct this mistake, an appeal needed to be filed at that time. All other parties argue that the order actually dismissing A.S.—which is the order that is currently being appealed—is the order from which an appeal lies. We agree.

{¶17} The jurisdiction of a juvenile court is set forth in R.C. 2151.23. As relevant to this appeal, this statute provides that the juvenile court has exclusive original jurisdiction "[c]oncerning any child who on or about the date specified in the complaint * * * is alleged to * * * be a juvenile traffic offender or a delinquent, unruly, abused, neglected, or dependent child." R.C. 2151.23(A)(1). R.C. 2151.031(C) provides that an abused child is any child who "[e]xhibits evidence of any physical or mental injury or death, inflicted other than by accidental means, or an injury or death which is at variance with the history given of it." The plain language of the revised code thus authorizes the juvenile court to adjudicate as an abused child a

child who is deceased at the time the complaint is filed. *See In re A.E.*, 6th Dist. Lucas No. L-15-1146, 2016-Ohio-438, ¶ 41 (holding that "the trial court retains jurisdiction over a deceased child for the purpose of adjudicating him or her as an abused child"); *In re Darling*, 9th Dist. Wayne No. 03CA0023, 2003-Ohio-7184, ¶ 25.

{¶18} We accordingly hold that a trial court may adjudicate a child who is deceased at the time that the complaint is filed an abused child. In this case, the complaint alleged that A.S. was the victim of a homicide, and that he was an abused child because his death was caused other than by accidental means. Pursuant to R.C. 2151.23(A)(1), the trial court had jurisdiction to adjudicate A.S. an abused child, and it erred by dismissing him from the action solely because of his death.

{¶19} The assignments of error raised by HCJFS, the children's guardian ad litem, C.S.2 and K.S, and C.S.1, M.S., and N.S., are sustained.

### *Conclusion*

{¶20} Parents' appeals are dismissed because the trial court's entries were not final orders from which they could appeal. We reverse the trial court's dismissal of A.S. from the action, and remand the case for further proceedings consistent with the law and this opinion.

Judgment accordingly.

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.