**[Cite as *In re S. Children*, 2022-Ohio-2941.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: S CHILDREN | : | APPEAL NOS. C-210672 |
| | | C-210680 |
| | : | C-220005 |
| | | C-220006 |
| | : | TRIAL NO. F16-2167-Z |
| | : | |
| | : | *O P I N I O N.* |

Appeals From: Hamilton County Juvenile Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: August 24, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ernest W. Lee, Jr.*, Assistant Prosecuting Attorney*,* for Appellant/Cross-Appellee Hamilton County Department of Job and Family Services,

*Raymond T. Faller*, Hamilton County Public Defender, and *Klarysa Benge*, Assistant Public Defender, for Appellant/Cross-Appellee Guardian Ad Litem,

*Kacy Eaves*, for Appellants/Cross-Appellees C.S.1, M.S., and N.S.,

*Tibbs Law Office* and *Sarah Michel*, for Appellees/Cross-Appellants Mother and Father,

*Kimberly Thomas*, for Appellees A.S., K.S., and C.S.2,

*The Durst Law Firm*, *Anthony D. Maiorano* and *Alexander J. Durst*, for Appellees Melissa and Lance Sayward.

Per Curiam.

{¶1} This case originated with the death of A.S., and the subsequent complaint filed by the Hamilton County Department of Job and Family Services ("HCJFS") alleging that A.S. and his surviving siblings are abused, neglected, and dependent, and requesting an order of permanent custody to HCJFS. The juvenile court refused to adjudicate A.S. abused, but adjudicated the remaining children dependent, and issued a dispositional order granting legal custody of the surviving minor S. children to relatives. Because we determine that the juvenile court was required to dismiss HCJFS's second amended complaint without prejudice under former R.C. 2151.35(B)(1), we reverse the judgment of the juvenile court and instruct the juvenile court to dismiss HCJFS's complaint without prejudice.

## Procedural History

{¶2} On October 6, 2016, HCJFS filed its initial complaint alleging that the S. Children were abused, neglected, and dependent. The complaint alleged that A.S., then age 8, had been brought to the emergency department at Cincinnati Children's Medical Center where he later died, and that A.S.'s injuries on arrival were inconsistent with parents' version of events. HCJFS sought temporary custody of A.S.'s siblings, including A.S.1, K.S., C.S.1, M.S., N.S. and C.S.2.

{¶3} On October 20, 2016, HCJFS filed a first amended complaint, which omitted A.S.1, because she had reached the age of majority. On December 19, 2016, parents filed a motion to dismiss the complaint for failure to set the dispositional hearing within 90 days as required by former R.C. 2151.35(B)(1). One day prior to the expiration of the 90-day deadline, on January 17, 2017, HCJFS filed a second amended

complaint, which contained essentially the same set of facts and sought the same relief as the first amended complaint.

{¶4} The juvenile court overruled parents' motion to dismiss, holding that HCJFS's second amended complaint was a legal nullity, because it was essentially identical to the first amended complaint, however the juvenile court determined that it retained discretion to continue the case beyond the 90-day deadline in former R.C. 2151.35(B)(1).

{¶5} On February 22, 2017, HCJFS filed a third amended complaint. Although the third amended complaint contained largely the same set of facts as the first and second amended complaints, the third amended complaint added a request for permanent custody, in lieu of temporary custody, and added an allegation that A.S.'s death had been ruled a homicide by the Hamilton County Coroner's Office. HCJFS then filed a fourth amended complaint on March 13, 2017.

{¶6} The matter proceeded to trial on the adjudication phase in 2017. The bulk of the evidence presented dealt with the circumstances surrounding A.S.'s death. At the close of HCJFS's case-in-chief, the juvenile court dismissed the abuse, dependency, and neglect allegations as to C.S.1 and N.S. C.S.1, N.S., the guardian ad litem ("GAL"), and HCJFS appealed the partial dismissal to this court. This court affirmed the juvenile court's decision to dismiss the neglect and abuse allegations with respect to C.S.1 and N.S, but this court reversed the dismissal of the dependency allegations and remanded for further proceedings. *See In re S Children*, 1st Dist. Hamilton Nos. C-170624 and C-170653, 2018-Ohio-2961; *In re S Children*, 2018-Ohio-5010, 126 N.E.3d 239, ¶ 37 (1st Dist.).

{¶7} In April 2019, the juvenile court entered an order dismissing A.S. from the complaint because he was deceased. HCJFS, the GAL, and the S. Children appealed. This court reversed the juvenile court's dismissal of A.S. from the case, holding that a deceased child can be adjudicated as abused, and remanded for further proceedings. *In re S. Children*, 1st Dist. Hamilton Nos. C-190287, C-190299, C-190313, C-190320, C-190332 and C-190333, 2020-Ohio-3354.

{¶8} Following this court's second remand, the juvenile court issued its adjudication decision on November 25, 2020. The juvenile court concluded that A.S. and his siblings were not abused or neglected, and it dismissed those allegations in HCJFS's complaint. The juvenile court determined that the children were dependent under R.C. 2151.04(C).

{¶9} The matter proceeded to the dispositional phase in August 2021. Most of the testimony presented at the dispositional phase dealt with the status of C.S.1, M.S., N.S., and C.S.2, who had been in the custody of mother's sister and her husband, Melissa and Lance Sayward, in New York since May 2018.

{¶10} On December 20, 2021, the juvenile court issued an order denying permanent custody of the S. Children to HCJFS, and granting legal custody of C.S.1, M.S., N.S., and C.S.2 to the Saywards. The juvenile court declared K.S. emancipated, because she had reached the age of majority.

{¶11} HCJFS, the GAL, C.S.1, M.S., and N.S. filed appeals. Parents filed a cross-appeal.

**The 90-Day Timeframe Expired Under Former R.C. 2151.35(B)(1)**

{¶12} We address parents' cross-appeal first, because it is dispositive of the appeals and cross-appeal. Parents argue in their first assignment of error that the

4

juvenile court lacked jurisdiction to hold the adjudication or disposition hearings, because the hearings were held after the 90-day deadline under former R.C. 2151.35(B)(1).

{¶13} Former R.C. 2151.35(B)(1) provided that in abuse, neglect, or dependency cases, "[t]he dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed." Under former R.C. 2151.35(B)(1), "[i]f the dispositional hearing is not held within the period of time required by this division, the court, on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice."

{¶14} The Ohio Supreme Court has declared that former R.C. 2151.35(B)(1) imposes a mandatory deadline on the juvenile court's jurisdiction and a party cannot implicitly waive the 90-day limit. *In re K.M.*, 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 245, ¶ 26, 31. Following *In re K.M.*, this court recognized that the 90-day mandatory deadline in former R.C. 2151.35(B)(1) can be expressly waived by "affirmative action by all parties—independent of the trial court, on the record, and before the 90 days expire." *In re D.G.*, 2021-Ohio-429, 168 N.E.3d 43, ¶ 27 (1st Dist.). This court has also held that, although the juvenile rules freely allow amended complaints prior to the adjudicatory hearing, the complaint must be amended before the 90-day limit expires, and the complaint must modify the preceding complaint. *See In re H.M.M.*, 1st Dist. Hamilton No. C-210590, 2022-Ohio-473, ¶ 24-29.

{¶15} HCJFS filed its original abuse, neglect, and dependency complaint on October 6, 2016. On October 20, 2016, HCJFS filed a first amended complaint, which dismissed A.S.1 because she was over 18. HCJFS filed a motion for a continuance on November 17, 2016, which the magistrate granted over the objection of the parents.

5

On December 1, 2016, mother filed a motion to set aside the magistrate's order granting the continuance. Father then filed a motion to dismiss the complaint on December 19, 2016.

{¶16} Based on the date of the first amended complaint, the dispositional hearing should have occurred by January 18, 2017. One day prior to the 90-day limit, on January 17, 2017, HCJFS filed a second amended complaint, which contained essentially an identical set of allegations as the first amended complaint. Because HCJFS's second amended complaint was the same as its first amended complaint, it had no effect on the 90-day deadline. An amended complaint must modify the previous complaint to restart the 90-day deadline in former R.C. 2151.35(B)(1). *In re H.M.M.* at ¶ 30. Therefore, the 90-day deadline in former R.C. 2151.35(B)(1) expired on January 18, 2017—years before the dispositional hearing in this case took place.

{¶17} HCJFS and the GAL argue that the parents waived the statutory deadline in April 2017 after HCJFS filed its second amended complaint. This court has held that a waiver of the statutory deadline must occur prior to its expiration, and that a juvenile court has no authority to proceed in a case after the statutory deadline, except to order a dismissal without prejudice. *In re H.M.M.*, 1st Dist. Hamilton No. C-210590, 2022-Ohio-473, at ¶ 34. The record belies any waiver of the 90-day deadline prior to its expiration, as parents filed objections to HCJFS's motion for a continuance, filed a motion to set aside the magistrate's order, and filed a motion to dismiss the complaint. The juvenile court refused to dismiss the case, and the parents have been forced to wait until a final, appealable order exists to appeal the issue.

{¶18} The attorney for appellees A.S., C.S.2, and K.S. argues that the juvenile court maintained jurisdiction through the Saywards' custody petition, and the custody

petition filed by paternal grandparents. The record shows that the Saywards' custody petition was filed in February 2017, and the paternal grandparents' custody petitions were filed in May and July 2017, so both families' petitions were filed after the 90-day deadline had expired in January 2017.

{¶19} HCJFS, the GAL, and the attorneys for C.S.1, M.S., and N.S. argue that parents should be barred from raising the 90-day deadline because of the law-of-the-case doctrine. Law of the case "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). Cross-appellees assert that parents filed an extraordinary writ in this court after the juvenile court refused to dismiss the case for failure to follow the 90-day deadline, and that this court subsequently denied the requested relief. This court's decision denying parents' writ was entered in a separate proceeding and is not a part of this record nor a mandate to the juvenile court. Therefore, law of the case has no application.

{¶20} HCJFS also argues that *In re K.M.*, 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 245, should not be applied retroactively. HCJFS acknowledges that this court has already determined that *In re K.M.* applies "retroactively." *See In re D.G.*, 2021-Ohio-429, 168 N.E.3d 43, at ¶ 23. HCJFS argues that applying *In re K.M.* retroactively here would lead to an unjust result because of the length of time this case has been pending, and the impact it would have on the children. The length of time this case has been pending is extraordinary, but HCJFS filed two interlocutory appeals, and it would seem equally unjust to punish parents, who timely raised the

7

issue in 2017 and have been barred from raising it until now in their first opportunity on direct appeal.

{¶21} HCJFS also argues that its third amended complaint should be treated as if a new complaint had been filed for purposes of former R.C. 2151.35(B)(1), because HCJFS sought different relief from its earlier complaints, permanent instead of temporary custody, and it added an allegation that A.S.'s death had been ruled a homicide. The problem with HCJFS's argument lies in the fact that the juvenile court had already lost jurisdiction by the time HCJFS filed its third amended complaint. Once 90 days had passed from the filing of HCJFS's first amended complaint, the juvenile court " 'had no authority to issue further orders except to journalize the dismissal of the case.' " *In re H.M.M.*, 1st Dist. Hamilton No. C-210590, 2022-Ohio-473, at ¶ 21, quoting *In re Z.S.*, 5th Dist. Perry Nos. 20-CA-00002, 20-CA-00003 and 20-CA-00004, 2021-Ohio-118, ¶ 22. Under former R.C. 2151.35(B)(1), the juvenile court had no authority to act on HCJFS's third amended complaint or fourth amended complaint.

{¶22} Because we determine that the juvenile court lacked jurisdiction to hold a dispositional hearing under former R.C. 2151.35(B)(1), we sustain parents' first assignment of error. The remainder of parents' cross-appeal, as well as the appeals by HCJFS, the GAL, and C.S.1, M.S., and N.S. relate to the merits of the juvenile court's adjudication and disposition decision and are moot. *See* App.R. 12(A)(1)(c).

## Conclusion

**{¶23}** We reverse the judgment of the juvenile court and remand with instructions to the juvenile court to dismiss HCJFS's complaint without prejudice.

*Judgment reversed and cause remanded.*

ZAYAS, P.J., BERGERON and WINKLER, JJ.

Please note:

The court has recorded its own entry on the date of the release of this opinion.